IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GHAZI ALMASHLEH,<br>　　　　Plaintiff<br><br>　　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br>　　　　Defendants. | C.A. No. 06-106 Erie<br><br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.　　RECOMMENDATION

It is respectfully recommended that the Supplemental Motion to Dismiss filed by Defendant James F. Sherman [Document # 34] be granted.

### II.　　REPORT

#### A.　　Procedural History

On May 8, 2006, Plaintiff Ghazi Almashleh, an inmate incarcerated at the Federal Correctional Institution at McKean, Pennsylvania ("FCI-McKean"), filed this *pro se* civil rights action pursuant to Bivens v. Six Unnamed Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 2671, et seq. Originally named as Defendants were: United States of America ("United States"); James F. Sherman, Warden at FCI McKean ("Sherman"); various members of FCI-McKean's medical staff; and Mark Welch, M.D., a physician at Bradford Regional Medical Center.

On April 19, 2007, this Court issued a Report and Recommendation recommending that Defendants' partial motion to dismiss, or in the alternative, partial motion for summary judgment be granted. [Document # 31]. This recommendation was adopted by District Judge Sean J. McLaughlin by Memorandum Order dated August 21, 2007. [Document # 42]. As a result, all of Plaintiff's claims against the individual members of FCI-McKean's medical staff and Dr. Welch have been dismissed. The only claims remaining after the issuance of Judge

McLaughlin's Order are Plaintiff's FTCA claim against the United States and a Fifth Amendment Due Process claim Against Defendant Sherman.[1]

Between the issuance of this Court's Report and Recommendation on April 19, 2007, and Judge McLaughlin's Memorandum Order on August 21, 2007, Defendant Sherman filed a supplemental motion to dismiss, seeking dismissal of Plaintiff's Fifth Amendment Due Process claim based on the argument that Plaintiff has failed to exhaust his administrative remedies with regard to such claim. [Document # 34]. Despite being provided ample time to file a response to Defendant Sherman's supplemental motion, Plaintiff has failed to do so. (See Response Order dated May 25, 2007, docketed at Document # 37). This matter is now ripe for consideration.

### B.    Standards of Review
#### 1.    Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974). However, a court need not credit a

---

[1] As this Court noted in its previous Report and Recommendation, Defendants failed to seek dismissal of Plaintiff's Fifth Amendment Due Process claim against Defendant Sherman in their original partial motion to dismiss. (See Document # 31 at p. 2 n. 1).

complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997).  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.  See Swierkiewicz.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### C. Exhaustion

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:
> no action shall be brought with respect to prison conditions under

>  section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

      No analysis of exhaustion may be made absent an understanding of the administrative process available to federal prisoners. The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1997). First, "an inmate shall ... present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request, on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). The warden has twenty (20) days in which to respond. 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate form (BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response. 28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP-11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. 28 C.F.R. § 542.18.

      The requirements that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Thus, federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997). However, a plaintiff's failure to

exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

   A plaintiff need not affirmatively plead exhaustion, since exhaustion is an affirmative defense which is waived if not properly presented by a defendant. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)).

   The exhaustion requirement is not a technicality; rather, it is federal law which federal district courts are required to follow. Nyhuis, 204 F.3d at 73 (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78. There is, however, language in *Nyhuis* reflecting the Circuit's "understanding that compliance with the administrative remedy scheme will be satisfactory if it is substantial." Nyhuis, 204 F.3d at 77-78. The Third Circuit has not yet fully explored the meaning of "substantial compliance": "Whatever the parameters of 'substantial compliance' referred to [in *Nyhuis*], it does not encompass a second-step appeal five months late nor the filing of a suit before administrative exhaustion, however late, has been completed." Ahmed, 297 F.3d at 209.

   Defendant Sherman asserts that Plaintiff has failed to exhaust his administrative remedies with regard to his Fifth Amendment Due Process claim. This assertion is supported by the Declaration of Rosalind Bingham, Paralegal Specialist for the BOP's Northeast Regional Office, who certifies that no administrative remedy requests or appeals have ever been filed by Plaintiff "regarding the alleged violation of his Fifth Amendment rights by Defendant Sherman." (See Bingham Declaration attached to Document # 34, Defendant Sherman's Supplemental Motion, at ¶ 7). Plaintiff has failed to provide any documentary evidence contradicting Ms. Bingham's Declaration. Thus, Plaintiff's Fifth Amendment Due Process

claim against Defendant Sherman is not properly before this Court and should be dismissed.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant Sherman's Supplemental Motion to Dismiss [Document # 34] be granted. As a result, the only claim that should remain pending in this case is Plaintiff's FTCA claim against the United States.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C)), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights. See e.g., Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 8, 2007).

S/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief U.S. Magistrate Judge

Dated:   September 28, 2007

cc:    The Honorable Sean J. McLaughlin
       United States District Judge