IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GHAZI ALMASHLEH, )
 )
        Plaintiff, )
v. ) Civil Action No. 06-106 Erie
 )
UNITED STATES OF AMERICA, )
et al., )
        Defendants. )

## **MEMORANDUM ORDER**

McLAUGHLIN, SEAN J., District J.

    This civil lawsuit arises out of injuries which Plaintiff claims he suffered due to inadequate medical treatment for a broken nose while incarcerated at FCI McKean.[1] Plaintiff's complaint originally asserted claims against the United States and/or various individual Defendants – persons associated with FCI McKean either as prison officials or professionals who provide health care services to the inmate population – for the alleged violations of his Eighth Amendment rights, his Fifth Amendment Due Process rights, and his rights under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§2671 *et seq.* Plaintiff's civil complaint was received by the Clerk of Court on May 8, 2006 and was referred to Chief United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

    On November 21, 2006, the Defendants filed a partial motion to dismiss the complaint or, in the alternative, partial motion for summary judgment [25]. In that motion, the Defendants argued, *inter alia*, that: (i) Plaintiff had failed to state a viable

---

[1] Plaintiff does not claim to have sustained the broken nose while at FCI McKean, but he complains that he did not receive proper care for his condition after arriving at the Institution. In particular, he has claimed that the Defendants violated his rights in denying him a rhinoplasty that was apparently recommended by a previous health care provider.

Eighth Amendment *Bivens*[2] claim with regard to Defendants' treatment of his fractured nose; (ii) Plaintiff's FTCA claim against the individual Defendants should be dismissed because they are not proper parties to such a claim; (iii) the United States cannot be held liable for the alleged negligence of Defendant Mark Welch because he is a private medical practitioner not employed by the United States; and (iv) the individual Defendants are entitled to qualified immunity.

On April 19, 2007 Judge Baxter issued a Report and Recommendation [31] in which she recommended that this Court dismiss Plaintiff's Eighth Amendment *Bivens* claims against the individual Defendants, Plaintiff's FTCA claims against the individual Defendants, and Plaintiff's FTCA claim against the United States to the extent that the claim was premised upon the alleged negligence of Defendant Mark Welch. By Memorandum Order dated August 21, 2007 [42], this Court adopted Judge Baxter's April 19, 2007 Report and Recommendation and dismissed the aforementioned claims. As a result of this ruling, the only claims remaining in the case at present are Plaintiff's FTCA claim against the United States (excluding Plaintiff's claims of medical negligence on the part of Defendant Welch) and Plaintiff's Fifth Amendment Due Process claim against Defendant James F. Sherman, the Warden of FCI McKean.

In her April 19, 2007 Report and Recommendation, Judge Baxter noted that no motion had been made by the defense to dismiss Plaintiff's Fifth Amendment Due Process Claim against Defendant Sherman.[3] Eight days after the filing of the Report and Recommendation, but before this Court had taken any action on the R&R, Defendants filed a motion [32] seeking an enlargement of time in which to file an answer to the complaint and a motion to dismiss the due process claim against Defendant Sherman. That motion was granted by Judge Baxter and, on May 15, 2007, Defendants timely filed an "Answer and New Matter" relative to the remaining FTCA claim [35] and a "Supplemental Motion to Dismiss" the Fifth Amendment *Bivens* claim

---

[2] *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[3] Defendant Sherman is apparently the only named Defendant as against whom Plaintiff has made a *Bivens* claim premised upon the violation of his Fifth Amendment Due Process Rights. (*See* Plaintiff's complaint [3] at ¶¶ 61-66.)

against Defendant Sherman [34]. As grounds for his motion to dismiss, Defendant Sherman argued that Plaintiff had failed to exhaust his administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), and had failed to allege any facts sufficient to establish a basis for Sherman's personal liability.

On September 28, 2007, Judge Baxter filed a Report and Recommendation [43] recommending that Defendant Sherman's motion to dismiss be granted. She noted that, in support of his claim that Plaintiff had failed to exhaust available administrative remedies, Defendant Sherman had supplied an uncontradicted Declaration of Rosalind Bingham, Paralegal Specialist for the Bureau of Prison's Northeast Regional Office. In her declaration, Ms. Bingham certified that no administrative remedy requests or appeals had ever been filed by Plaintiff regarding the alleged violation of his Fifth Amendment rights by Defendant Sherman. (*See* Report and Recommendation [43] at p. 5 of 6.) Because Plaintiff had failed to offer any evidence contradicting this assertion, Judge Baxter opined that Plaintiff's Fifth Amendment Due Process claim is not properly before this Court and should be dismissed.

Although Plaintiff never specifically filed an opposition to Defendant Sherman's motion to dismiss, he did file an "Opposition to Defendants' Answer and New Matter" [40] in which he expressed opposition to Sherman's motion. Plaintiff also expressed opposition to the motion in his objections to Judge Baxter's April 19, 2007 Report & Recommendation [38]. Finally, Plaintiff has filed objections to Judge Baxter's September 28, 2007 Report and Recommendation [46] in which he directly contests her opinion that Sherman's motion should be granted. We consider these objections, and Judge Baxter's Report and Recommendation, *de novo*.[4]

Principally, Plaintiff objects to the timing of the instant motion to dismiss. Specifically, he contends that Defendant Sherman is precluded from asserting his motion because the PLRA's exhaustion requirement is a defense that has been waived. Plaintiff refers us to Rule 12(g) of the Federal Rules of Civil Procedure, which states:

---

[4] Plaintiff's complaint that Judge Baxter failed to note his opposition to the motion as set forth in his "Opposition to Defendants' Answer and New Matter" is therefore moot. In rendering this Memorandum Order, this Court has given due consideration to those objections.

> **(g) Consolidation of Defenses in Motion.** A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

Fed. R. Civ. P. 12(g). Essentially, Plaintiff contends that Defendant Sherman waived his "failure-to-exhaust" defense by not including it within the Defendants' original dispositive motion filed on November 21, 2006. We disagree.

As a substantive matter, it is clear that the PLRA required Plaintiff to exhaust his available administrative remedies before asserting his Fifth Amendment *Bivens* claim in this Court. *See* 42 U.S.C. § 1997e(a) ("no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). Plaintiff acknowledges as much and agrees that this exhaustion involved a four-step appeal process culminating in review by the BOP's Office of General Counsel. *See generally* 28 C.F.R. §§ 542.10-542.19. Though not jurisdictional, *see Nyhuis v. Reno*, 204 F.3d 65, 69 n. 4 (3d Cir. 2000), the exhaustion requirement is not a mere technicality. Rather, it is a Congressionally mandated requirement which district courts must enforce, *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2382 (2006), and no exception to it based on "futility" is recognized. *See Almed v. Dragovich*, 297 F.3d 201, 206 (3d Cir. 2002); *Nyhuis*, 204 F.3d at 73, 78.

As a procedural matter, the plaintiff's failure to satisfy the PLRA's exhaustion requirement constitutes an affirmative defense which must be pleaded and proved by the Defendant. *See Jones v. Bock*, — U.S. —, 127 S. Ct. 910, 919 (2007); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003); *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). Technically speaking, as an affirmative defense, it should be asserted in the defendant's answer, *see* Fed. R. Civ. P. 8(c), and raised by way of a motion for judgment on the pleadings under Rule 12(c). *See Spruill v. Gillis*, 372 F.3d 218, 223 n.2 (3d Cir. 2004). Significantly, affirmative defenses are not subject to the provisions of Rule 12(g) because that rule applies only to certain *pre-answer* defenses asserted

under Rule 12(b). *See* Fed. R. Civ. P. 12(g) advisory committee notes to 1966 Amendment ("Subdivision (g) has forbidden a defendant who makes a *preanswer* motion under this rule from making a further motion presenting any defense or objection *which was available to him at the time* ... and which he could have included... therein") (emphasis supplied). In sum, because the plaintiff's failure to exhaust administrative remedies is an affirmative defense, it does not technically fall within the ambit of Rule 12(g).

Nevertheless, that defense is commonly asserted in pre-answer motions brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which pertains when the complaint, on its face, fails to state a claim upon which relief can be granted. *See, e.g., Kirk v. Roan*, No. 05-4436, 160 Fed. Appx. 188, 189-90 (3d Cir. Dec. 20, 2005) (per curiam); *Spruill*, 372 F.3d at 223; *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002) ("In appropriate cases, failure to exhaust may be raised as the basis for a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)]."); *Rodriguez Ramos v. Smith*, No. Civ. A. 04-CV-0249, 2005 WL 3054291 at *4 (E.D. Pa. November 14, 2005); *Pumphrey v. Ball*, No. Civ. A. 03-184-KA, 2003 WL 23335457 at *1 (D. Del. March 18, 2003). Even so, while Rule 12(g) generally requires the consolidation of pre-answer defenses in motions made under Rule 12(b), there is a notable exception for motions made pursuant to Rule 12(b)(6). Significantly, "[a] defense of failure to state a claim upon which relief can be granted ... may be made *in any pleading* permitted or ordered under Rule 7(a), *or by motion for judgment on the pleadings*, *or at the trial* on the merits." Fed. R. Civ. P. 12(h)(2) (emphasis added). *See also* Fed. R. Civ. P. 12(g) (requiring consolidation of certain defenses except as provided in Rule 12(h)(2)). Thus, Defendant Sherman's motion to dismiss the Fifth Amendment claim, even if construed as a Rule 12(b)(6) motion,[5] was not waived by Sherman's failure to raise the issue at the time of the Defendants' original dispositive motion.

Plaintiff refers us to the case of *Carpenter v. Godsil*, 937 F.2d 859 (3d Cir. 1991) in support of his waiver argument, but that decision is of little benefit to Plaintiff. In

---

[5] This is the manner in which Judge Baxter construed Sherman's motion. Notably, Plaintiff has not disputed Judge Baxter's treatment of the motion in that regard, nor has he argued that she applied the wrong standard in reviewing the motion.

*Carpenter*, a physician employed by the Monmouth County Correctional Institution, was sued under the New Jersey Tort Claims Act for malpractice relative to his treatment of the plaintiff, who had been detained at the Institution following his arrest. After a jury rendered a verdict against the defendant physician, the defendant filed post-verdict motions asserting for the first time that New Jersey statutory law made him immune from liability. The Third Circuit noted that "[f]ailure to raise an affirmative defense by responsive pleading [ ] or by appropriate motion [ ] generally results in the waiver of that defense." 937 F.2d 859 (internal footnotes omitted). The court went on to note, however, that Fed. R. Civ. P. 15(a) permits the amendment of a responsive pleading at any time by leave of court to include an affirmative defense, and such leave shall be "freely given when justice so requires." *Id*. at 863-64 (citations omitted). The court further observed that leave to amend should generally be allowed unless the opposing party will be prejudiced: "It has been held that a 'defendant does not waive an affirmative defense if (h)e raised the issue at a pragmatically sufficient time, and (the plaintiff) was not prejudiced in its ability to respond.'" (citations omitted). The court ultimately concluded that it would be inappropriate to hold that the defendant's immunity defense had been waived, since the plaintiff should have been alerted to the defense through other filings, the plaintiff's case had not been prejudiced in any way by the defendant's failure to plead the defense, and the immunity issue involved a pure question of law as opposed to any factual issues. *Id*. at 864.

    Citing *Charpentier*, the Plaintiff asserts that "this is not a case where the defendants have acted at a 'pragmatically sufficient time and (P)laintiff (will not be) prejudiced in (his) inability to respond." (Pl.'s Obj. to the Mag. Judge's Report and Recommendation [46] at p. 3 of 9.) Plaintiff's argument is not persuasive. If anything, this case presents a much weaker basis for finding waiver than that involved in *Charpentier*. Unlike the defendant in *Charpentier*, Defendant Sherman did not wait until after trial to assert his affirmative defense; on the contrary, Sherman has timely asserted the defense, both in his "Answer and New Matter" [35] (*see id.* at Third Affirmative Defense), and in the instant motion to dismiss. Both of these filings have been made relatively early on in the litigation. Furthermore, Plaintiff has not claimed surprise resulting from Sherman's assertion of the defense; in fact, Plaintiff's

documents evidencing exhaustion of his Eighth Amendment *Bivens* claim were appended to his complaint [3] and submitted as part of the record in connection with the Defendants' original dispositive motion [26]. Moreover, while failure to exhaust administrative remedies (unlike the issue of immunity in *Charpentier*) generally involves a factual determination, Sherman's delay in raising this defense has not prejudiced Plaintiff in terms of his ability to contest the defense because, in fact, Plaintiff does not substantively contest the defense. Simply stated, Plaintiff does not dispute the fact that he failed to exhaust his administrative remedies relative to his Fifth Amendment claim. Accordingly, *Charpentier* does not advance Plaintiff's argument that the "failure-to-exhaust-administrative-remedies" defense has been waived here.

Plaintiff's primary objection is that Judge Baxter may have alerted Sherman to the continuing pendency of the Fifth Amendment claim when, in the course of analyzing Defendants' prior dispositive motion, she noted that "Defendants have failed to seek dismissal of Plaintiff's Fifth Amendment Due Process claim against Defendant Sherman." (*See* Report and Recommendation of 4/19/07 [31] at p. 2 of 11 n. 1.) According to Plaintiff, if Judge Baxter had not done so, then Sherman never would have moved to dismiss the claim on the basis of the PLRA's exhaustion requirement. This argument, however, is both legally dubious and speculative in the extreme. As we have discussed, Sherman's mere failure to have included this defense in the Defendants' original preanswer motion did not mean, under Rule 12(g), that he was forever precluded from raising the defense. As this litigation progressed, it is inevitable that Sherman's attention would have been drawn to Plaintiff's Fifth Amendment claim as Plaintiff continued to actively prosecute it. Under the Rules of Civil Procedure, Defendant Sherman would have had ample opportunity to assert the "failure-to-exhaust" defense, either by way of a Rule 12(b)(6) or 12(c) motion, a Rule 56 motion, or at trial.[6] Plaintiff's suggestion that, but for Judge Baxter's notation, Defendant Sherman would have somehow overlooked the defense altogether is highly improbable and finds

---

[6] Even if Sherman had failed to include the defense in his answer, leave to amend his answer – even at time of trial – would be "freely given" if the court were to conclude that "justice so require[d]." Fed. R. Civ. P. 15(a).

no support in the record.[7]

Notwithstanding all of this, Plaintiff claims that allowing Sherman to assert his "failure-to-exhaust" defense at this point would prejudice him because he is "now unable to exhaust his administrative remedies on this issue." (Pl.'s Objections [46] at p. 4 of 9.) This argument makes no sense. Plaintiff's Fifth Amendment *Bivens* claim is premised upon Sherman's alleged actions in denying his requested surgery under the BOP's administrative grievance system. *See* Complaint at ¶ 54 ("Defendants Sherman [and others] knew that Plaintiff's medical condition required surgical repair, but conspired together to deny him adequate medical treatment."); *id*. at ¶ 66 ("The actions of Defendant Sherman in intentionally misrepresenting the seriousness of Plaintiff's medical condition in his response to Plaintiff's grievance, denied the Plaintiff due process of law in violation of the Fifth Amendment to the United States Constitution."). This alleged misconduct apparently occurred on June 20, 2005 when Sherman issued an adverse decision in response to Plaintiff's Request for an Administrative Remedy. (*See* Complaint Ex. M, N.) Plaintiff had 20 calendar days thereafter – or until July 10, 2005 – in which to attempt informal resolution of his separate and distinct Fifth Amendment claim and, failing resolution, submit an administrative remedy request to the Warden.[8] *See* 28 C.F.R. § 542.14(a); *Lock v. Nash*, 150 Fed. Appx. 157, 159 (3d Cir. 2005) (per curiam). This he failed to do, and he concedes as much. Accordingly, it makes no sense for Plaintiff to argue that Defendant Sherman's delay in filing the instant motion to dismiss – a motion that is based on Plaintiff's failure to act within the mandated 20-day period – somehow caused Plaintiff to fail to act within the mandated 20-day period. In fact, it is inconceivable that the approximate 6-month delay – which in involved Sherman filing his motion on May 15, 2007 rather than on November 21, 2006

---

[7] We note that Judge Baxter's notation in her R&R simply pointed out that no motion had been made at that time to dismiss the Fifth Amendment *Bivens* claim; it did not suggest the efficaciousness of any particular defense. Thus, the issue of Plaintiff's failure to exhaust his administrative remedies was first raised by Defendant Sherman, not Judge Baxter.

[8] We note that Plaintiff's grievance here involved alleged actions by the Warden himself, and therefore, steps 1 and 2 of the usual grievance procedure may have required redundant efforts on Plaintiff's part.

when the Defendants' first dispositive motion was filed – could have affected Plaintiff's actions in July of 2005. Since Plaintiff was required to exhaust his available administrative remedies *prior* to filing his *Bivens* claim in federal court, it is simply not possible that a delay occurring during the course of this litigation could have retroactively impeded Plaintiff's efforts to exhaust his pre-litigation remedies.

Finally, Plaintiff argues that Defendant Sherman should be estopped from asserting the "failure-to-exhaust" defense because, in the course of litigating this case, Plaintiff has discovered that the Defendants (including Sherman) "lied" about the supposed existence of an adverse report by the Utilization Review Committee ("URC"). In brief, Plaintiff alleges that his request for a rhinoplasty was denied (as was his subsequent request for an administrative remedy) based upon a decision by the URC that the surgery was not medically necessary. Plaintiff claims that, in the course of obtaining his prison medical file, he found no written URC decision therein. He infers from this fact that no adverse decision by the URC was ever rendered and that Defendant Sherman intentionally misrepresented the existence of the decision when denying Plaintiff's request for administrative relief.

Under these circumstances, Plaintiff contends, Sherman should be equitably estopped from asserting his "failure-to-exhaust" defense. Unfortunately for Plaintiff, the doctrine of equitable estoppel has not been applied in this circuit to preclude a defendant from asserting an affirmative defense based on the PLRA's exhaustion requirement. *See Hill v. Smith*, 186 Fed. Appx. 271, 274 (3d Cir. June 19, 2006) (noting that, while two circuits have held that the PLRA's exhaustion requirement may be subject to the doctrines of estoppel and waiver, the Third Circuit has not yet so held) (citing cases) (per curiam).

Even if the doctrine were available, it would not be applicable under these circumstances. Plaintiff suggests that he somehow detrimentally relied on Sherman's alleged misrepresentation about the URC decision when pursuing relief on his 8th Amendment claim through the administrative remedy process. But this claim is belied by the fact that Plaintiff did, in fact, exhaust his administrative remedies relative to that particular claim, notwithstanding the reported existence of the adverse URC decision. Moreover, even if Sherman's representations about the URC decision *had* somehow

lulled Plaintiff into foregoing his administrative remedies on the Eighth Amendment claim, it is doubtful that Plaintiff could avoid the exhaustion defense. Plaintiff would, in effect, be arguing that his reliance on the URC decision made exhaustion futile, but it is well established in this circuit that there is no futility exception to the PLRA's exhaustion requirement. *See Nyhuis*, 204 F.3d at 71-73.

Nor can Plaintiff logically claim that Sherman's supposed misrepresentation precluded him from exhausting his administrative remedies relative to his Fifth Amendment *Bivens* claim. As we have discussed, Sherman's alleged due process violation, according to the complaint and appended exhibits, occurred when Sherman denied Plaintiff's request for an administrative remedy on June 20, 2005, so Plaintiff's time for attempting informal resolution and submitting a request for an administrative remedy expired on July 10, 2005.

Plaintiff appears to aver, however, that he found out about the alleged non-existence of the URC decision – and thus, Sherman's alleged misrepresentation about the URC decision – only *after* having filed this lawsuit. Even crediting this assertion, it does not excuse Plaintiff from failing to exhaust his administrative remedies relative to the Fifth Amendment claim as it was originally pleaded in the complaint. Moreover, to the extent Plaintiff's discovery somehow gave rise to a *new* Fifth Amendment claim, Plaintiff is not excused from exhausting his remedies as to the "new" claim. As Plaintiff's own averments demonstrate, he knew about the alleged misrepresentation concerning the URC's decision on May 30, 2007, when he filed his objections [38] to Judge Baxter's first Report and Recommendation *(see id.* at p. 14), and as far back as November 21, 2006, when Dr. Olsen filed his declaration in support of Defendants' original dispositive motion [26-6]. (*See* Pl.'s Objections to R & R [46] at p. 4 of 9 ("...Plaintiff contends that the due process claim was not readily apparent when he filed his Complaint because it was not revealed until he read Defendant, Dr. Olsens [sic] misrepresentations regarding the medical history in Plaintiff's medical records."). Plaintiff failed to seek the relevant administrative remedies within the applicable time period and is now forever precluded from doing so. *See Spruill*, 372 F.3d at 232 (PLRA's administrative exhaustion requirement includes a procedural default component).

Accordingly, after de novo review of the Complaint and the documents in the case, together with the Report and Recommendation and Plaintiff's objections thereto, the following order is entered:

AND NOW, this 7th day of February, 2008;

IT IS HEREBY ORDERED that the Supplemental Motion to Dismiss filed by Defendant James F. Sherman [34] be, and hereby is, GRANTED.

The report and recommendation of Chief Magistrate Judge Baxter dated September 28, 2007 [43] is adopted as the opinion of this Court.

s/ Sean J. McLaughlin
SEAN J. McLAUGHLIN
United States District Judge

cm: all parties of record
     Chief U.S. Magistrate Judge Susan Paradise Baxter